In the Matter of the Claim of TERESA OTT, Respondent, against GUARANTEE TITLE & MORTGAGE COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal from an award. It is opposed on the ground that the accidental injuries that resulted in the decedent's death did not arise out of his employment nor occur in the course of that employment. Decedent was using an automobile which belonged to his employer in his regular occupation as a repairman, making repairs upon the property owned by the employer. He was frequently called out at odd hours and at night and had no specific hours for completing his day's work. The evidence and presumptions are sufficient to support the award. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of COMMISSIONER OF TAXATION AND FINANCE, on Account of the Death of GEORGE CROWELL, Respondent, against SCHOOL DISTRICT No. 16, TOWNS OF HANOVER AND SHERIDAN, and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by an employer and insurance carrier from an award made against them and in favor of the Special Funds created by subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law, and of the Fund for Reopened Cases under subdivision 2 of section 25-a of the statute. The question for determination was whether the decedent was working on a relief project while in the employ of School District No. 16 of the towns of Hanover and Sheridan and also whether the decedent was an employee of such school district. On February 15, 1935, while driving a team of horses used in improving the athletic field of the Forestville public high school George Crowell, the deceased, fell from the wagon and sustained injuries which resulted in his death on February 24, 1935. Improvement of the high school athletic field was initiated as a Civil Works Administration project in the early part of 1934 and was discontinued the following June. Work was resumed in December, 1934, under an arrangement between the school board and the Temporary Emergency Relief Administration. That organization was to pay two-thirds of the expense and the school board the remaining third. The State Industrial Board found that the deceased and his son were employed, supervised and paid by the school board. The State Industrial Board also found that prior to the date of the accidental injuries sustained by the deceased the school district had secured compensation insurance as provided by the Workmen's Compensation Law and that such insurance was in effect at the time deceased sustained the fatal injuries and covered him in his employment. The evidence sustains the findings. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.